UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONJA KAY RYGG,<br><br>  Plaintiff,<br><br>  v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>  Defendant. | No. 2:16-cv-02737 JAM CKD<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). Defendant concedes that the ALJ committed reversible error and moves to remand this case for further proceedings. (ECF No. 23.) Plaintiff opposes the motion, arguing that the appropriate remedy is the reinstatement of benefits. (ECF No. 24.) Defendant has filed a reply in support of the motion to remand, and plaintiff has filed an authorized sur-reply. (ECF Nos. 25 & 28.) For the reasons discussed below, the court will recommend that plaintiff's motion for summary judgment be granted and this case remanded for further proceedings.

////

////

1

BACKGROUND

Plaintiff applied on May 30, 2012 for Title II disability insurance benefits and Title XVI supplemental security income, alleging disability beginning March 6, 2012. See Administrative Transcript ("AT") 29. In a decision dated February 4, 2015, the ALJ determined that plaintiff was disabled.[1] The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2016.
>
> 2. The claimant has not engaged in substantial gainful activity since May 1, 2012, the date the claimant became disabled.
>
> 3. From May 1, 2012 through September 1, 2014, the period during

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

which the claimant was under a disability, the claimant had the following severe impairments: lumbar spine disorder; cervical spine herniation status post neck surgery; obesity; bilateral shoulder bursitis; knee arthritis; and ankle calcaneal ossification.

4. From May 1, 2012 through September 1, 2014, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that, from May 1, 2012 through September 1, 2014, the claimant had the residual functional capacity to perform less than the full range of sedentary work. The claimant can lift/carry 10 pounds occasionally and less than 10 pounds frequently. She can stand/walk a total of 2 hours in an 8-hour workday. She can sit 6 hours in an 8-hour workday, with normal breaks. The claimant has limited range of motion in the neck. The claimant can perform gross and fine manipulation occasionally. The claimant cannot reach in any direction. The claimant can balance, stoop, kneel, crouch, crawl, and climb ramps/stairs occasionally. She can never climb ladders, ropes, or scaffolds.

6. From May 1, 2012 through September 1, 2014, the claimant was unable to perform any past relevant work.

7. The claimant was a younger individual age 18-44, on the established disability onset date.

8. The claimant has at least a high-school education and is able to communicate in English.

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above.

10. From May 1, 2012 through September 1, 2014, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was under a disability, as defined in the Social Security Act, from May 1, 2012 through September 1, 2014.

12. The claimant has not developed any new impairment or impairments since September 2, 2014, the date the claimant's disability ended.

13. Medical improvement occurred as of September 1, 2014, the date the claimant's disability ended.

14. The medical improvement that has occurred is related to the ability to work.

15. The claimant's disability ended September 1, 2014.

AT 29-38.

ISSUE PRESENTED

As plaintiff points out, this is a departure from the typical Social Security case because, instead of appealing a finding that she was not disabled, plaintiff here appeals the Commissioner's finding that, although she was disabled beginning May 1, 2012, she medically improved and was no longer disabled beginning September 2, 2014. (ECF No. 16 at 4.)

Plaintiff does not contest the onset of the disability period. Moreover, the parties agree on the following points[2]: The ALJ found that plaintiff's period of disability ended on September 1, 2014 because plaintiff began full-time work as a manager in communications during the month of September. (AT 37-38; see ECF No. 49 (plaintiff's hearing testimony that she began working full-time as a communications manager on September 22, 2014)). The ALJ found that "medical improvement occurred as of September 1, 2014, the date that the claimant's disability ended." (AT 38, citing the medical improvement regulations 20 C.F.R. §§ 404.1594, 416.994.)

Both parties agree that the Commissioner erred with respect to the disability end date. (See ECF No. 23 at 3.) The parties also agree that remand is appropriate; they disagree only on the remedy. Defendant argues that the ALJ's error warrants further agency action, while plaintiff contends that the proper remedy is reinstatement of benefits.

LEGAL STANDARDS

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the

---

[2] See ECF No. 24 at 4 (noting points of agreement).

"credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

ANALYSIS

In Attmore v. Colvin, 827 F.3d 872, 873 (9th Cir. 2016), the Ninth Circuit explained the "medical improvement" analysis as follows:

> A Social Security disability benefits claimant is no longer entitled to benefits when substantial evidence demonstrates (1) "there has been any medical improvement in the [claimant's] impairment" and (2) the claimant "is now able to engage in substantial gainful activity." 42 U.S.C. § 423(f)(1). To determine whether there has been medical improvement, an administrative law judge (ALJ) must "compare the current medical severity" of the claimant's impairment to the medical severity of the impairment "at the time of the most recent favorable medical decision that [the claimant] w[as] disabled or continued to be disabled." 20 C.F.R. § 404.1594(b)(7).

Like the instant case, Attmore concerned a "closed period" case, "where the ALJ finds in a <u>single</u> decision that the claimant was disabled for a closed period of time but since has medically improved." Id. at 873-874 (emphasis in original). The Ninth Circuit concluded that "in closed period cases an ALJ should compare the medical evidence used to determine that the claimant was disabled with the medical evidence existing at the time of asserted medical improvement." Id. at 874. "Although the ALJ in this case made the appropriate comparison, <u>substantial evidence does not support the ALJ's finding of medical improvement</u>. We therefore reverse the judgment and remand with instructions to <u>remand this case to the ALJ to calculate an award of benefits</u>." Id. at 874 (emphasis added). Plaintiff argues that this case is analogous to Attmore and similarly requires a remand for benefits. (ECF No. 24 at 13.)

////

5

Defendant counters that the instant case is distinguishable from Attmore because it falls under an exception to the regulation requiring a medical improvement analysis: the substantial gainful activity ("SGA") exception. (ECF No. 23 at 4-5.) SGA is work activity that (1) involves significant physical or mental activities, (2) for pay or profit. 20 C.F.R. § 404.1572. Earnings are the primary consideration in determining whether work activity is substantial gainful activity. Id. at § 1574(a)(1). Defendant cites 20 C.F.R. § 404.1594(d)(5), which provides in part:

> (d) The law provides for certain limited situations when your disability can be found to have ended even though medical improvement has not occurred, if you can engage in substantial gainful activity. These exceptions to medical improvement are intended to provide a way of finding that a person is no longer disabled in those limited situations where, even though there has been no decrease in severity of the impairment(s), evidence shows that the person should no longer be considered disabled or never should have been considered disabled. . . .
>
> . . .
>
> (5) You are currently engaging in substantial gainful activity. If you are currently engaging in substantial gainful activity before we determine whether you are no longer disabled because of your work activity, we will consider whether you are entitled to a trial work period as set out in § 404.1592. We will find that your disability has ended in the month in which you demonstrated your ability to engage in substantial gainful activity (following completion of a trial work period, where it applies). This exception does not apply in determining whether you continue to have a disabling impairment(s) (§ 404.1511) for purposes of deciding your eligibility for a reentitlement period (§ 404.1592a).

See Geschke v. Astrue, 393 Fed.Appx. 470, 472–73 (9th Cir. 2010) ("[M]edical improvement is irrelevant where SGA is at issue."), citing Katz v. Sec'y of Health and Human Servs., 972 F.2d 290, 293 (9th Cir. 1992).

Defendant contends that "[a]ny reasonable reading of the ALJ's decision reveals that he did not conduct a medical improvement analysis . . . [but] used Plaintiff's work activity as an exception to that analysis under" § 404.1594(d)(5). (ECF No. 25 at 7; emphasis in original.) Specifically, defendant asserts, the ALJ found plaintiff's return to full-time work in September 2014 constituted SGA. The ALJ erred, defendant argues, in finding that plaintiff's return to work at SGA levels, without more, showed that her disability had ended through medical improvement. (ECF No. 23 at 5.) Defendant explains:

6

> While performing SGA is a valid exception to the medical improvement requirement, it is not proof of medical improvement. Further POMS directs that the ALJ should not have established a closed period of disability and found Claimant no longer disabled as of the date she resumed work at SGA levels. Rather, the ALJ should have referred the case to the field office to assess whether Claimant was entitled to work incentives and to perform a work continuing disability review.

(ECF No. 23 at 5.) Defendant characterizes this as a "technical error," as the ALJ should have followed agency policy and referred the case to the field office. (Id.) In support, defendant cites the Programs Operations Manual System ("POMS") DI 22510.001(C)(2), even while acknowledging that POMS is "an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ." Lockwood v. Comm'r Soc. Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010). Defendant's position is that the ALJ's failure to take this step does not entitle plaintiff to a reinstatement of benefits. (ECF No. 23 at 5.)

Plaintiff interprets the ALJ's decision differently. She contends that he did not base the disability period's end date on plaintiff's return to work or on her engaging in SGA. Rather, plaintiff contends, the ALJ did find that "medical improvement occurred" without substantial evidence to support that finding, as in Attmore. Plaintiff also asserts that her return to full-time work in September 2014 did not qualify as SGA. (ECF No. 24 at 4-7.)

Plaintiff further asserts that her return to work was short-lived: In January 2015, she allegedly lost the job she began in September 2014 due to her physical impairments.[3] (Id. at 9, citing Plaintiff's MSJ, ECF No. 16, at 7-8.) Plaintiff characterizes this as an "unsuccessful work attempt" under agency regulations which do not consider short-term work to be SGA:

> (c) The unsuccessful work attempt—
>
> (1) General. Ordinarily, work you have done will not show that you are able to do substantial gainful activity if, after you worked for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your

---

[3] Plaintiff cites treatment records from Mercy Medical Group ("MMG") spanning October 2014 through February 2015 in which she allegedly reported "that she was fired from [her] job due to her physical limitations." However, though she submitted these records to the Appeals Council, for unknown reasons they were not admitted into the record. (ECF No. 24 at 9, n.3.)

7

>       earnings from such work fall below the substantial gainful activity
>       earnings level[.]
>
>       . . .
>
>       (3) If you worked 6 months or less. We will consider work of 6
>       months or less to be an unsuccessful work attempt if you stopped
>       working or you reduced your work and earnings below the
>       substantial gainful activity earnings level because of your
>       impairment or because of the removal of special conditions that
>       took into account your impairment and permitted you to work.

20 CFR § 404.1574.(c)(1) & (3). Defendant counters that plaintiff's alleged January 2015 termination lacks record support and, even if true, does not alone establish that plaintiff was disabled or lacked skills transferrable to other types of work. (ECF No. 25 at 7-8.)

Finally, plaintiff seeks both Title II (SSD) and Title XVI (SSI) disability benefits. The parties agree that the SGA and/or trial work period analysis only applies to Title II claim. Under Title XVI, defendant acknowledges, "the agency cannot use SGA to end a closed period of disability." (ECF No. 25 at 6.) "Accordingly," plaintiff writes, "regardless of whether Ms. Rygg performed SGA and/or a Trial Work Period (TWP) applicable only to Title II claims, her SSI benefits should not have been ceased based on her performance of SGA. Instead, they should have continued subject to the rules for deducting earned income." (ECF No. 24 at 5.)

Having reviewed the record, the undersigned agrees with defendant that the ALJ effectively found that plaintiff's return to full-time work in September 2014 constituted SGA such that no medical improvement comparison was necessary. It follows that the ALJ should have referred her Title II claim for further agency action but instead, erroneously, found her disability to end in September 2014. In <u>Jean-Marie-v. Astrue</u>, 2013 WL 459229 (C.D. Cal. Jan. 18, 2013), a closed-period case where the disability end date was based on SGA rather than medical evidence of improvement, the ALJ found that plaintiff was engaging in SGA without considering whether plaintiff's work was done under special conditions or whether she qualified for a trial work period under 20 C.F.R. § 404.1592. "Consequently, the ALJ's medical improvement/SGA findings are not supported by substantial evidence" and "insufficiently developed." <u>Id.</u> at **4-5. As a remedy, the district court remanded for further proceedings.

////

8

Here, the record is undeveloped as to how or whether plaintiff's impairments forced her stop to working in January 2015 and any resulting effect on the SGA analysis and/or disability end date. There was no agency consideration of a trial work period or whether plaintiff's return to work constituted an "unsuccessful work attempt." Thus, as in <u>Jean-Marie</u>, the undersigned will recommend that this action be remanded for further proceedings.

CONCLUSION

For the reasons stated herein, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) be granted in part and denied as to remedy;

2. The Commissioner's decision be reversed;

3. Defendant's motion for remand (ECF No. 23) be granted;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 25, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/rygg2737.ssi.fr